Prather v. Prather.

26 273
44 373

## AMELIA PRATHER v. ROBERT M. PRATHER.

1. DIVORCE; *Sufficient Allegation.* An allegation in a petition for divorce that, "On the 5th day of August, 1879, defendant utterly abandoned this plaintiff, and his bed and board and premises, and has lived apart from him ever since said 5th day of August; wherefore the plaintiff alleges that the defendant is guilty of abandoning the plaintiff for one year or more," sufficiently charges abandonment for one year as against any objection presented by demurrer.

2. ABANDONMENT, *Continuance of, Presumed.* Where in an action for divorce on the ground of abandonment for one year, brought by the husband against the wife, it is clearly shown that the defendant abandoned her husband and immediately thereafter brought an action for separate maintenance, and was defeated in such action, and where the parties continued to live apart, *held,* that the abandonment thus shown to have commenced is presumed to have continued, and is not destroyed by proof of propositions sent by the wife to the husband, not in good faith but colorable, and with a view simply of preventing an action for divorce, and charging him with the burden of her support.

*Error from Atchison District Court.*

ACTION for divorce, brought by *Robert M. Prather* against *Amelia Prather.* Trial at the November Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*H. M. Jackson,* and *L. F. Bird,* for plaintiff in error.

*Webb & Martin,* for defendant in error.

18—26 KAS.

The opinion of the court was delivered by

BREWER, J.: This was an action of divorce. Defendant in error brought his action in the district court of Atchison county for divorce from his wife, on the ground of abandonment, and obtained a decree therefor. The testimony is not preserved in the record, and the case comes before us for review upon simply the pleadings and findings of fact.

Two questions are presented: First, whether the petition is sufficient; and second, whether the facts as found entitle the plaintiff to a decree. Both these questions must be resolved in favor of the rulings of the district court. It appears from the findings that the parties were married on February 20th, 1877, the plaintiff being 63 and the defendant 43 years of age. They immediately went to housekeeping in the husband's house, which he had owned and occupied for about 20 years previous. Here they lived together until April, 1878, when the wife abandoned the apartments of the husband and sought others in the same house, which latter she continued to occupy until August 5th, when she left the premises without the knowledge or consent of her husband; and thereafter, on August 21st, brought her action for separate maintenance. She was defeated in such action, and something more than a year after leaving her husband's house this action for divorce on the ground of abandonment was brought.

The objection made to the petition, as stated by counsel for plaintiff in error, is, that "the petition alleges that the original abandonment was without defendant's consent, but does not allege that the continued absence was without such consent." The language of the petition is as follows: "That defendant, about the month of April, 1878, entirely abandoned the apartments and bed of the plaintiff, and with her little child by a former marriage occupied rooms and apartments separate and apart from the plaintiff, and on an upper and different floor from plaintiff, against his wishes and remonstrances, until the 5th day of August, 1879, when she utterly abandoned this plaintiff and his bed and board and

premises, and has lived apart from him ever since said 5th day of August, 1879. Wherefore, the plaintiff alleges that the defendant is guilty of abandoning the plaintiff for one year and more." Now the objection is, that this fails to specifically state that the continued absence was without the plaintiff's consent. We cannot think this objection well taken. An action for divorce is a civil proceeding, and the pleadings in it are to be construed by the ordinary laws governing civil actions; the facts should be fairly and reasonably stated, so that defendant can be clearly and fully apprised of the claim. It is not a criminal action, where all technical omissions and presumptions are in favor of the defendant. No one could be misled by the facts stated in this petition. The charge is, that defendant at one time wholly abandoned the bed and board of plaintiff, and has since lived apart for one year and more, and is guilty of abandoning the plaintiff for one year and more. There was no possible chance for misconception as to the ground of complaint; it is specifically charged that it is abandonment for one year and more, and the charge was sufficiently stated as against any objections that could be raised by demurrer. The court properly overruled the demurrer, and gave the defendant leave to answer. Answer and reply were duly filed, and the case went to trial. The facts as found justify the decree; they show a willful and utter abandonment of plaintiff's bed and board — an abandonment without cause or provocation. Immediately thereafter, defendant commenced her action for separate maintenance, and was defeated in such action. It sufficiently appears from the findings, that all defendant's actions thereafter looking toward a reconciliation and a reacceptance of the duties of a wife were colorable, a mere sham, and simply designed for the purpose of preventing the plaintiff from obtaining a divorce. If with good faith and with an honest desire for reconciliation, defendant had sought to resume the duties of a wife, and to accept all the obligations of such a position, her conduct would have been very different; and instead of seeking to give notice approved

1. Sufficient allegation.

by attorneys and communicated by constables, she should her-self have sought the plaintiff and attempted a reconciliation. The manner in which she acted satisfied the district court and convinces us that she had no honest desire to resume the relations of wife, but simply sought to prevent her husband from obtaining a divorce, and to cast upon him the burden of her separate support. We think the district court properly refused to consider such proceedings as a renunciation of her abandonment, and treated her conduct as a continuous abandonment of the plaintiff for a year and more.   We ·do not understand that a wife can deliberately abandon her husband, sue for separate mainte-nance, and when defeated in such action, issue under the advice of counsel, formal propositions which are never received by the husband, and then, without personally approaching him, defeat an action for abandonment.   It appears from the find-ings that though she had personal opportunities for approach-ing plaintiff, she made no attempt to avail herself of those opportunities, and never in good faith sought him with an honest desire of reconciliation and a reacceptance of the du-ties of wife.

*2. Continuance of abandon-ment, pre-sumed.*

It seems to us, as it doubtless appeared to the district court, that she was speculating on his property, and the district court properly gave no encouragement to such attempted spec-ulation.

The judgment of the district court was right, and must be affirmed.

All the Justices concurring.