SAMUEL H. CALLEN v. ARTIE M. CALLEN.

1. DIVORCE — *Cruelty* — *Pleading*.  It is error for the trial court to overrule a motion to make the petition, in an action for divorce, more definite and certain, which charges "That during the time the plaintiff lived with the defendant as his wife he was guilty of gross neglect of duty and extreme cruelty toward the plaintiff."

2. ACTS *Complained of* — *Statement* — *Reasonable Certainty*.  In a petition for divorce for gross neglect of duty and extreme cruelty, the particular acts complained of and the dates of their commission should be stated with reasonable certainty.

*Error from Montgomery District Court.*

THE facts are stated in the opinion.

*Jos. Chandler*, for plaintiff in error.

*Clark & Clark*, for defendant in error.

Opinion by SIMPSON, C.: Artie M. Callen commenced her action for divorce against Samuel H. Callen in the district court of Montgomery county on the 7th day of June, 1887, and in her petition alleged causes for divorce in these words:

"That during the time she lived with Callen as his wife he was guilty of gross neglect of duty, and was guilty of extreme cruelty toward the plaintiff without cause or provocation on the part of the plaintiff. And the plaintiff further alleges that on, to wit, the — day of May, 1886, the defendant, disregarding his marital obligations, willfully and without cause deserted and abandoned the plaintiff, and ever since has and still does continue to abandon the plaintiff and live separate and apart from her, without any just or sufficient cause therefor, and against her will and consent."

The defendant filed a motion to require the plaintiff to make her petition more definite and certain in the following particulars: That she be required to allege the facts constituting the charge of gross neglect of duty; and the dates at which the acts were committed; also the same in respect to extreme cruelty. The court overruled this motion, stating that it had not been the practice in that judicial district to require the petition charging extreme cruelty and gross neglect of duty to set out the acts complained of, but the bar must take notice that hereafter such petitions must set out the particular acts complained of. The defendant answered, and the cause came on regularly for trial at the March term, 1888, and the court ordered a jury to be called, and submitted to them certain questions of fact. The jury answered these questions as follows:

"1. Was the plaintiff married to the defendant? If yea, when? *Ans.:* Yes, February 14, 1885.

"2. What has been the conduct of the plaintiff toward the defendant during the time she has lived with him? A. Good.

"3. Has the defendant been guilty of gross neglect of duty toward the plaintiff? If yea, when? A. Yes; for two years.

"4. If you answer the third question in the affirmative, state fully in what such gross neglect of duty consisted. A. Not providing for her maintenance.

"5. Has the defendant been guilty of extreme cruelty toward the plaintiff? If yea, when and under what circumstances? A. Yes; when he throwed the hatchet at her, and using unbecoming language at Pueblo.

"6. If you answer the fifth question in the affirmative, state fully in what such cruelty consisted? A. Answered above.

"7. Has the defendant abandoned the plaintiff? If yea, when, where, and under what circumstances? Answer fully. A. Yes; when he forced her to sign that contract, and left for parts unknown to her.

"8. Did the defendant have any just cause or excuse therefor? A. No.

"9. Did the defendant leave the plaintiff against her will and consent? A. Yes.

"10. Did the plaintiff in any way contribute to the cause of the alleged wrongs of which she complains? If yea; how and in what manner? A. No.

"11. Is the plaintiff the owner of any real estate in her own name? If yea, where is it located? Describe it. A. Yes; as set forth in the petition of plaintiff.

"12. Has the plaintiff condoned the acts of the defendant? A. Yes.

"13. What was the maiden name of the plaintiff? A. Artie M. Morgan.

"14. Where was the plaintiff living at the time she commenced this action? A. Montgomery county, Kansas, with her mother.

"15. How long had the plaintiff lived in the state of Kansas just prior to the commencement of this action? A. Over one year."

The court called the attention of the jury to their answer to special question No. 12, and said:

"I suppose you will understand the force and effect of your answer to special question No. 12, that it does not give plaintiff a divorce."

To this the jury gave no reply. In the instruction of the

court to the jury with reference to special question No. 12, it was said:

" 'Condoned' is defined by Bouvier as follows: 'It is forgiveness by the husband of his wife, or by the wife of the husband, of acts committed, with the implied condition that the injury should not be repeated, and that the other party should be treated with conjugal kindness.' "

When the jury returned their answers, the plaintiff made a motion for judgment in her favor on the special findings, regardless of the answer to the twelfth special question. This motion was sustained by the court, and a decree for a divorce rendered in favor of the plaintiff below. This decree recites that the court finds all the allegations in the petition of the plaintiff to be true. A motion for a new trial was filed and overruled, and all necessary exceptions saved. It should have been stated in regular order, that at the trial the defendant below objected to the evidence tending to show extreme cruelty, but all objections were overruled.

The first error assigned is the adverse ruling on the motion to make the petition more definite and certain as to the extreme cruelty and gross neglect of duty. The code requires that the petition must contain a statement of the facts constituting the cause of action. In the case of *Prather v. Prather*, 26 Kas. 275, this court says:

"An action for divorce is a civil proceeding, and the pleadings in it are to be construed by the ordinary laws governing a civil action. The facts should be fairly and reasonably stated, so that the defendant can be clearly and fully apprised of the claim."

Separate and apart from these authorities and as a matter of elementary principle, it is a part of the alphabet of the law that the pleadings must state facts and not conclusions. It was material error in the trial court to overrule the motion to make the petition more definite and certain. This error was aggravated by the trial court permitting the plaintiff below to offer evidence tending to prove acts of extreme cruelty committed at various times by the defendant, of which he had no notice in time to make a defense.

For these errors we recommend that the judgment be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.