## The Kansas Loan and Trust Company v. George W. Love.

AGENCY—*Proof by Parol Evidence.*  Where, in the trial of a case, the real question in controversy is the authority of a person to act as agent in procuring a loan upon real estate, and it is not established that such an authority is in writing, it is competent to prove the same by parol evidence.

### *Error from Coffey District Court.*

THE opinion states the case.    Judgment for plaintiff *Love,* on July 29, 1887, for $325.    The defendant *Company* alleges error, and comes to this court.

*Rossington, Smith & Dallas,* for plaintiff in error.

*G. E. Manchester,* for defendant in error.

Opinion by GREEN, C.: This was an action commenced by the defendant in error in the district court of Coffey county, to recover a balance claimed to be due him in consideration of the execution of a certain note and mortgage to plaintiff in error. The plaintiff below alleged that on the 1st day of October, 1886, he executed a note and mortgage to the defendant below, for the sum of $2,500; that the note and mortgage were received and the mortgage placed on record by the loan and trust company, and it had failed and neglected to pay the sum expressed therein, except $2,000; that it retained $500, and refused to pay that sum to plaintiff. The loan company answered that the loan was made upon a written application, which set out various terms and conditions; that $400 might be retained out of the proceeds of the loan until the frame of a dwelling intended to be erected was put up, and the insurance on the building assigned as part security for the loan; that the loan company paid the sum of $2,500 to J. W. Parker, as agent of the plaintiff below, with instructions to retain $400 until the building was up and the insurance effected; that Love afterward requested the loan company to recall the money from Parker, which was done; that the sum of $300 was held by it and it was willing to pay said sum to the plaintiff, on the performance of the conditions mentioned, but claimed that said conditions had not been complied with. The sum of $125 was claimed as a commission for negotiating the loan. The reply to this answer was a general denial, with a specific denial of the agency of Parker, which was properly verified. The case was tried by a jury, and resulted in a verdict and judgment for the plaintiff below, for $325. The loan company brings the case here for review.

The plaintiff below made an application to J. W. Parker, a loan agent in Burlington, for a loan of $3,000 on his farm. Parker had in his possession blank applications for loans, furnished by the Kansas Loan and Trust Company, one of which he caused to be filled out. In answer to the usual interrogatories, among other things, it was stated that the applicant

wanted to build a home with the money to be obtained; the loan was to bear interest at six per cent. per annum, and the borrower was to pay six per cent. as a commission; this application was signed by the defendant in error. On the same day, Parker, the loan agent, made a report to the loan company, recommending the loan and stating, among other things, that the applicant intended to use part of the money to build a house, and that $400 could be retained until the frame was up. This application was forwarded to the company's office at Topeka, and considered, but the company declined to make the loan on the security offered; it proposed, however, to make the loan for $2,500 on the same security, at seven per cent. interest and five per cent. commission; this proposition was accepted, the loan negotiated, and $2,000 paid to the plaintiff below.

The real controversy in this case is, whether or not the plaintiff ever authorized the retention of any portion of the loan until the frame of a proposed dwelling was up, and certain insurance was effected for the benefit of the mortgagee, and this matter depends largely upon the question of Parker's agency. The plaintiff below contended that Parker was not his agent, and had no authority to make the statement he did, in regard to the retention of a portion of the loan until certain conditions were complied with. The loan company, on the other hand, insisted that Parker was not its agent, but was the agent of the applicant for the loan; that after the money in controversy had been in Parker's hands some time, plaintiff requested the company to recall it, and that it held the sum of $300, which it was willing to pay, upon the performance of the conditions mentioned. The evidence disclosed the fact that there was but one person in the loan office besides Parker and the applicant, when the application was signed, the clerk who filled out the same, a young lady by the name of Gilman. In the course of the examination of this witness, this question was asked by the attorney for the defendant below: "What did Mr. Love agree to, if anything, as to the retention of part of that loan?" This question was

9 — 45 KAS.

objected to on the ground that it was incompetent, irrelevant,. and immaterial, and that the writing itself was the best evidence, and the objection was sustained by the trial court. This, it is claimed, is reversible error; that the loan company should have been permitted to show by this witness just what the plaintiff below did agree to. The evidence was certainly material, as the whole question at issue depended upon the authority of Parker in the premises, and we think it was competent. The objection that the writing was the best evidence was not good, because that was the very matter in dispute. The plaintiff below claimed that he had never signed any agreement that a portion of the money should be retained, and it was certainly a vital question as to what the contract was between the parties. It is not claimed that the application which was signed by the defendant in error authorized the loan company to withhold any portion of the money. So that threw no light upon the question; and the other statement signed by Parker, he claimed, was not his writing, and, hence, not the best evidence. We think the evidence should have been admitted.

It is unnecessary to discuss the other errors as to the instructions requested and refused, as they are substantially covered in the general charge of the court.

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.