THE KANSAS LOAN AND TRUST COMPANY v. GEORGE W. LOVE.

No. 107.

1. EVIDENCE—*Demurrer.* It is not error for the court to overrule a demurrer to the evidence where there is some evidence tending to prove each material fact involved in the issue; and where the evidence is conflicting, it is the duty of the court to submit the whole matter to the jury, under proper instructions, for their consideration and determination.

2. ——— *Immaterial Variance.* Where the plaintiff alleges in his petition that his cause of action is founded on an oral agreement between himself and the defendant, and on the trial there was some evidence tending to show that the agreement was partly in writing and partly oral, *held,* that there was not any material variance between the pleadings and evidence, such as would defeat the plaintiff's right of recovery.

3. INSTRUCTIONS—*Duty of Court—Request.* In the trial of a cause by a jury, it is the duty of the court to instruct the jury on all questions of law which it deems applicable under the plead-

ings and the evidence; and if the instructions of the court are not as full and complete as a party desires and do not contain all the law applicable to the case, and the party desires other or different instructions, he should make his request in writing for such different or further instructions as he may wish.

4. ———— *Incomplete Record.* Where the record does not anywhere show that it contains all the instructions given by the court to the jury, this court cannot determine whether the court erred in the instructions given or not.

5. EVIDENCE—*Verdict not Disturbed.* Where there is evidence tending to prove each material fact necessary to support the verdict of the jury, and the jury have rendered their verdict on conflicting evidence, and the trial court has sustained the verdict, this court cannot disturb it, although it might have come to a different conclusion upon all the evidence.

MEMORANDUM.—Error from Coffey district court; CHARLES B. GRAVES, judge. Action by George W. Love against The Kansas Loan and Trust Company on a contract for a loan. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed July 13, 1896, states the material facts.

*Fuller & Whitcomb,* for plaintiff in error.
*G. E. Manchester,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was commenced by George W. Love in the district court of Coffey county against J. W. Parker and the Kansas Loan and Trust Company, to recover a balance alleged to be due plaintiff below in consideration of the execution and delivery of a certain note and mortgage to the Kansas Loan and Trust Company. The plaintiff below alleged that on the 1st day of October, 1886, he executed a note and mortgage to the loan and trust company for the sum of $2,500; that the note and mortgage were received and the mortgage placed on

record by the loan and trust company, and it has failed and neglected to pay the sum expressed therein, except $2,000; that it retained $500 and refused to pay the same to the plaintiff. The loan company answered that the loan was made upon a written application, which set out various terms and conditions; that $400 might be retained out of the proceeds of the loan until the frame of a dwelling intended to be erected was put up and the insurance on the building assigned as part security for the loan; that the loan company paid the sum of $2,500 to J. W. Parker, as agent of the plaintiff below, with instructions to retain $400 until the building was up and the insurance was effected; that Love afterward requested the loan company to recall the money from Parker, which was done; that the sum of $300 was held by it, and it was willing to pay said sum to the plaintiff on the performance of the conditions mentioned, but claimed that said conditions had not been complied with. The sum of $125 was claimed as a commission for negotiating the loan. The reply to this answer was a general denial, with a specific denial of the agency of Parker, which was properly verified.

The case was tried before the court with a jury. Upon the conclusion of the evidence of the plaintiff below, the defendants interposed a demurrer, which was sustained as to the defendant J. W. Parker, and overruled as to the loan and trust company. The trial resulted in a verdict and judgment for the plaintiff below for $325 against the loan and trust company. Exceptions were taken and the case was taken to the supreme court on error, where it was reversed. (*Loan Co. v. Love*, 45 Kan. 127.) The case having been remanded to the district court, plaintiff below filed an amended petition, alleging, in substance, that it was

orally agreed between the parties that said George W. Love was to make his promissory note, secured by a trust deed on certain real estate, to the plaintiff in error; that in consideration thereof plaintiff in error was to pay him $2,500, and that was the whole of the oral agreement. Then follow allegations that the note and trust deed were duly made and delivered to the Kansas Loan and Trust Company, and the Kansas Loan and Trust Company accepted said note and mortgage in full compliance with said agreement on the part of the plaintiff, and that said loan company has sold and disposed of said note and mortgage to an innocent purchaser, for value received, and that it paid therefor $2,000, and refused to pay the remainder, and prays for a judgment for $500.

The defendant answered by a general denial and alleged that George W. Love, by his agent, J. W. Parker, made application to it in writing to negotiate for him a loan of $3,000 on the premises described in his amended petition, to bear interest at 6 per cent. per annum; that among the various terms, conditions and agreements on which said loan was to be made, and set forth in said written application, were agreements that $400 of the proceeds of said loan might be retained by the Kansas Loan and Trust Company until the frame dwelling intended so be erected was up, and that insurance on the frame building to the amount of $800 was to be assigned as a part of the security for said loan; that said Kansas Loan and Trust Company duly considered the application, and informed said George W. Love that it would negotiate for him a loan of $2,500 on security offered, to bear interest at the rate of 7 per cent. per annum; that said George W. Love accepted the proposition, and that the loan was negotiated in accordance with

the terms, conditions and agreements of said written application as it is modified; that after the delivery of the note and trust deed, the Kansas Loan and Trust Company, in accordance with the written order of said George W. Love, paid the full sum of $2,500 to J. W. Parker, with instructions to retain $400 until the conditions above mentioned should be performed; that afterward said George W. Love requested the Kansas Loan and Trust Company to recall from said J. W. Parker the balance of the loan then in his hands; that on request said J. W. Parker returned to the Kansas Loan and Trust Company the sum of $325; that this sum was then in its hands, and that it was willing then, and always had been, to pay it over to said George W. Love, on the performance of the condition above mentioned, but that said condition had not been complied with or performed. The reply was a general denial, coupled with the specific denial of the agency of J. W. Parker, and was verified. In the course of the first trial the action was dismissed against Parker and he is out of the case.

The case was tried the second time before a jury. The defendant objected to the introduction of any evidence under the petition, upon the ground that the petition did not state facts sufficient to constitute a cause of action against it, which objection was overruled, and excepted to by the defendant. Plaintiff then introduced his evidence, to which the loan company filed its demurrer, which demurrer was overruled. To this ruling the company excepted. The jury returned a verdict against the defendant for $399.22. A motion for a new trial was duly filed, overruled, and exceptions taken, and the case brought here for review.

The first error complained of in plaintiff's brief is,

that the court erred in not sustaining the demurrer of the defendant below to the evidence of the plaintiff below. It is contended by plaintiff in error that, inasmuch as the amended petition in the district court on which the case was tried alleges that the contract between Love and the Kansas Loan and Trust Company was verbal, and the evidence shows that the contract was partly verbal and partly written, the court should have sustained the demurrer and rendered judgment for the defendant below.

The evidence on the trial shows that Love made an application in writing to the Kansas Loan and Trust Company for the loan of $3,000, for a term of five years, at 6 per cent. per annum, payable semiannually, to be secured by first morgage or trust deed upon the following lands in Coffey county, Kansas : North half of northwest quarter, and southwest quarter of northwest quarter, and north half of southwest quarter, of section 28, township 20, range 17. The company, on investigation of the farm, notified Love that it could not loan him that amount of money on the security offered, and it could not let him have the money at 6 per cent.; that it would loan him $2,500 on the farm at 7 per cent.; and under that arrangement Love and his wife executed their note to the Kansas Loan and Trust Company for $2,500, and a mortgage on the farm to secure the payment of the money mentioned in the note, according to the terms and conditions thereof; that this arrangement was about a month or six weeks after the written application was sent it. It seems that the matter of the loan of the money and the security therefor was first introduced by the written application, but the contract was afterward made upon a different arrangement between the parties.

From all the evidence, it is clear that the terms of the written application were not accepted, and new arrangements were afterward made that were entirely oral. But if we concede that the contract was partly written and partly oral, the oral arrangement was made after the written application, and was so modified by the oral agreement that it then became a question of fact for the jury to determine what part of the agreement was written and what part was oral, and as to what the terms of the contract really were. The whole transaction was in evidence before the jury, and it was for them to determine from all the evidence what the contract and agreement between the parties was. It was not the duty or right of the court to weigh the evidence and determine the questions of fact upon the evidence. Where there is any evidence tending to prove the facts necessary to recovery, the facts should be submitted to the jury. We think the plaintiff below made out a *prima facie* case under his petition. He alleges that he entered into an oral agreement with the Kansas Loan and Trust Company to borrow $2,500 of it; that he gave his note for the same and executed a mortgage on his farm in Coffey county to secure the payment of said loan; that the Kansas Loan and Trust company received the note and mortgage in compliance with the terms and conditions of the agreement; that defendant below paid him $2,000 on said note and mortgage, and withheld $500. We think the evidence of plaintiff below substantially sustains the allegations of the petition. We do not think there was such a variance between the allegations in the petition and the proof as would authorize the court to sustain a demurrer to the evidence.

This loan was procured through the agency of J. W. Parker, a loan agent located at Burlington. On the

trial it became a material question as to which party
he acted for, whether for Love or the loan and trust
company. The supreme court, in reviewing this case,
says:

"The real controversy in this case is, whether or
not the plaintiff ever authorized the retention of any
portion of the loan until the frame of a proposed
dwelling was up, and certain insurance was effected
for the benefit of the mortgagee, and this matter de-
pends largely upon the question of Parker's agency.
The plaintiff below contended that Parker was not his
agent, and had no authority to make the statement
he did in regard to the retention of a portion of the
loan until certain conditions were complied with.
The loan company, on the other hand, insisted that
Parker was not its agent, but was the agent of the
applicant for the loan ; that after the money in con-
troversy had been in Parker's hands for some time
plaintiff requested the company to recall it, and that
it held the sum of $300, which it was willing to pay
upon the performance of the conditions mentioned."

The very same question became material on the re-
trial of the case in the district court which is now
before this court for review. The plaintiff below
made an application to J. W. Parker, a loan agent in
Burlington, for a loan of $3,000 on his farm. Parker
had in his possession blank applications for loans fur-
nished by the Kansas Loan and Trust Company, one
of which his clerk filled out. George W. Love, de-
fendant in error, signed the first page of the sheets,
as to which there seems to be no question, but it is
claimed by Love that the matter contained on the
third page of this application was not signed by him
or authorized by him to be signed. The third page
is signed by Parker. After giving a description of
the farm, with the improvements, and the value there-
of, it contains the following :

"He intends to use this money to build a house,

improve farm, and buy stock, and in addition to this loan he will owe $500. From the character and condition of said farm and the credit of the applicant, I believe that the loan of $3,000 on said farm would be well secured, and that such a loan would prove satisfactory. He intends to use part of this money to build house. You may retain $400 until frame is up.

"Dated, Burlington, September 6, 1886.— J. W. Parker."

It was contended by plaintiff below that the third page of this sheet was not filled out at the time he signed the application; that Parker was not his agent and was not authorized by him to make the statement contained on this sheet. The real questions are as to the agency of Parker, whether Love ever authorized the signing of the third sheet of the application by Parker, whether the loan was made under the written application, or whether Love, after the loan was made and the money sent to Parker, authorized or directed the loan and trust company to withdraw the $300 from Parker and retain the same until the frame of the dwelling-house was up and the house insured for the benefit of the mortgagee. They were all questions of fact for the consideration and determination of the jury. The jury returned a verdict upon the testimony, and their verdict, being sustained by the trial court, is conclusive of the questions of fact.

Complaint is made of the charge of the court to the jury. The court charged the jury:

"1. That the plaintiff was entitled to recover whatever amount of this loan the evidence shows to have been withheld from him by the defendant, less any amount which he may have agreed to pay Parker.

"2. You will ascertain from the evidence what amount, if any, the plaintiff was indebted to Parker for his services for procuring such loan. This amount you will deduct from the amount of the loan still re-

maining unpaid, and return a verdict for the plaintiff for the difference.

"3. You will compute interest on the amount you find due the plaintiff at the rate of 6 per cent. per annum from the date upon which the plaintiff made demand for the payment of said sum, as shown by the evidence.

"4. The burden of proof is upon the defendant to show by a preponderance of the evidence how much, if anything, was due from Love to Parker.

"5. A preponderance of the evidence does not necessarily mean by the greater number of witnesses, but by it is meant the degree or condition of the proof which, considered in the light of all the evidence in the case, seems to be most reasonable, the most consistent, and the most satisfactory.

"6. You are the exclusive judges of the evidence, of its weight, and of the credibility of the witnesses."

We do not think that there is any error in the instructions of the court to the jury. They are all applicable to the issues under the evidence on the trial in this case. In trials by jury, it is the duty of the court to instruct the jury on questions of law which it deems applicable to the case, as appear by the pleadings and evidence, and if the instructions of the court are not as full and complete as a party desires, and do not contain all the law applicable to the case, and the party desires other or different instructions, he should make his request in writing for them, as provided by section 275 of the code. The record does not show that any further or different instructions were asked on the part of the defendant below. It was content simply to object and except to the instructions as given, but did not require further or different instructions to be given. The record does not anywhere show that it contains all the instructions given by the court to the jury in the case, and

for this reason we are unable to determine whether the court erred in the instructions given.

In the case of *Davis v. McCarthy*, 52 Kan. 116, JOHNSTON, J., delivering the opinion of the court, says:

" The correctness of the charge of the court, however, is not open to inquiry, as the record does not purport to set forth the instructions in full as given by the court, nor is there any statement that those contained in the record were the only statements of the law upon any particular branch of the case."

In the case of *Winston v. Burnell*, 44 Kan. 370, JOHNSTON, J., speaking for the court, says:

"The record fails to show that all the instructions given are preserved in the record, and therefore the court cannot say that those refused were not given, or that any error was committed by the refusal."

The final contention of the plaintiff in error is, that the verdict of the jury is not sustained by sufficient evidence, and is contrary to both the law and the evidence. The court cannot disturb the verdict of the jury, or the judgment of the court founded thereon, unless there is such an entire want of evidence to prove some material fact necessary to entitle the party to recover, or it is such that the party was not entitled to recover under any view that may be taken of the evidence most favorable to him, or such as to show that the jury were influenced by prejudice or passion. Where there is evidence tending to prove each material fact necessary to support the verdict, and the jury have rendered their findings thereon, this court cannot disturb the verdict, although it might have come to a different conclusion upon the whole evidence. We have carefully examined the evidence contained in the record, and find that there was some evidence tending to prove each matter necessary to

entitle the plaintiff below to recover, and the trial court having sustained it, this court cannot say that there was such lack of evidence to support the verdict as would authorize a reversal of the judgment. We find no error in the record of the trial of this case which authorizes a reversal.

The judgment of the district court is affirmed.

All the Judges concurring.