# CHARLESTON

## MAXWELL v. MAXWELL.

Submitted January 19, 1915.     Decided January 26, 1915.

1. DIVORCE—*Defense—Reconciliation—Offer.*
     To be effectual, an offer by husband or wife to reconcile differences resulting in desertion, and resume cohabitation, must be in good faith, conciliatory in form and substance, and not merely colorable grounds for relief by a divorce proceeding. (p. 522).

2. SAME—*Offer of Reconciliation—Decree—Appeal.*
     Whether proposals so made are genuine and sincere, and in form and substance conciliatory, are matters of fact, as to which a decree, denying relief, is entitled to great weight on appeal. (p. 523).

Appeal from Circuit Court, Ohio County.·

Suit by Emma W. Maxwell against A. O. Maxwell. From a decree for defendant, plaintiff appeals. ·

*Affirmed.*

*T. S. Riley* and *A. L. Sawtell,* for appellant. ·

*Russell & Russell,* for appellee.

LYNCH, JUDGE:

This suit is the fifth of a series brought to obtain a divorce, three by the wife, two by the husband, relief being denied in all of them save one dismissed on her motion. In this suit, and in the one immediately preceding it, she alleged as one ground for relief abandonment by her husband in January, 1907. By answer, defendant denies desertion by him, and affirms desertion by her. Their testimony is equally positive and conflicting.. No witness corroborates either of them. None other testified on the subject. The burden was on plaintiff to establish the fact averred; but the testimony failed to convince the chancellor of whose decree she complains. With him we agree. Besides, as noted, the abandonment now relied on, if it occurred as she alleged, was in issue in the former suit brought by her—69 W. Va. 414; and the decree therein against her, affirmed by this court, was an adjudication precluding further inquiry as to who was the first offender. 14 Cyc. 725; *Miller* v. *Miller,* 92 Va. 196.

But she undertook to show an offer of reconcilation and resumption of marital duties by cohabitation, and produced two letters, one registered, which defendant refused to receive and did not read, one by a messenger, who delivered it to him, but which defendant testified he read in part only and returned it to the messenger, who carried it away with him. This the latter denied.

But, assuming defendant received, read and retained both letters, we may inquire, as did the chancellor, whether they were in fact conciliatory and written in good faith, or merely· as a pretext to obtain proof for use in a suit then evidently in contemplation by her. In the first, she says: "I am writing this to tell you I am entirely without means of sup-

port and am living on the bounty of my mother. * * When we separated, I felt I had a valid ground for divorce. * * I ask you to furnish me with a home and necessary mainten- ance, and to perform the duties involved upon you as a husband''. She began the second by saying, ''I am writing this to again call upon you to fulfill the obligations which are incumbent upon you as my husband'', and continued, ''If you do not meet my request within a reasonable time I will consider that you are unwilling to fulfill the obligations which you are under to me, and shall be forced to seek redress in the courts''. In the part omitted, she does express some contrition on her part, a desire to resume her marital duties, and assurance of their loyal performance by her.

Whether, when she sent these letters, plaintiff was sincere, or that they express a genuine desire for reconcilation and resumption of actual cohabitation, are inquiries as to which the court below, by its decree, expressed an opinion adverse to her contention. We can not say the decree was erroneous in denying relief on this phase of the case. On the contrary, our conclusion is that the letters were not concilatory, and that she did not intend them to have that effect. They indi- cate her desire for alimony. Virtually, they demand it. In less than two months after the date of the second letter, she instituted this suit, and obtained an allowance pending the litigation. Se did not ask, as properly she could, a permanent divorce. That, apparently, she did not want.

Attempts to effect an adjustment of differences between husband and wife must be made in good faith, and not merely as colorable grounds for a divorce proceeding. Construing similar letters, other decisions support the views expressed herein. *Prather* v. *Prather*, 26 Kan. 273; *McClurg's Appeal*, 66 Pa. 166; *Musgrave* v. *Musgrave*, 185 Pa. 260; *Ogilvie* v. *Ogilvie*, 37 Or. 171; *Woolard* v. *Woolard*, 18 App. D. C. 326, 7 Dec. Div. §37 (8).

Of certain testimony introduced by defendant, over objec- tions, tending to show improper conduct by her, plaintiff complains, on the ground that no pleading raised any issue as to her relations with the persons named by the witnesses, or afforded any notice that her conduct in these respects would become the subject of investigation. Though no actual

adultery was proved, the conduct testified to was sufficient to generate a suspicion of gross impropriety. But, whether to be available the facts proved must have been alleged in the answer, it is not necessary to say; because, for reasons already stated, our conclusion is to affirm the decree to which the appeal was awarded.

                                                   *Affirmed.*